Case 09-31129     Filed 06/22/09     Doc 43

Electronically Filed

FILED
JUN 22 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

7 PAGES

BUCHALTER NEMER
A Professional Corporation
   JEFFREY B. KIRSCHENBAUM (SBN: 152290)
   NEIL J. RUBENSTEIN (SBN: 77975)
   CRAIG C. CHIANG (SBN: 209602)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: cchiang@buchalter.com

Attorneys for Secured Creditor
First Bank, a Missouri banking corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| NCA FINANCIAL SERVICES, INC., aka NCA FINANCIAL, INC.,<br><br>Debtor. | Case No. 09-31129<br><br>DC No.: CCC-1<br><br>Chapter 7<br><br>**STIPULATION (1) EXCUSING RECEIVER FROM TURNOVER [§543], AND (2) LIFTING THE AUTOMATIC STAY [§362]; ORDER THEREON**<br><br>Hearing Date: June 22, 2009<br>Time: 9:00 a.m.<br>Judge: McManus (Courtroom A) |

     This Stipulation (1) Excusing Receiver from Turnover [§543], and (2) Lifting the Automatic Stay [§362] ("Stipulation") is entered into by and among: (a) secured creditor First Bank, a Missouri banking corporation, in its individual capacity and as Administrative Agent pursuant to that certain Credit Agreement, dated as of March 30, 2006 ("First Bank"), by and through its counsel of record, (b) Hank Spacone, the Chapter 7 trustee to the bankruptcy estate (the "Estate") of the above-captioned Chapter 7 debtor (the "Debtor"), on behalf of himself as trustee and the Estate (the "Trustee"), and (c) Robb Evans & Associates, LLC with reference to the following recitals.

BN 3810501v2          1

## RECITALS

A.  On or about May 28, 2009, the California Superior Court, County of Sacramento (the "Superior Court"), pursuant to a minute order dated May 28, 2009 and the Order Appointing Receiver Ex Parte; Order to Show Cause Why Receiver Should Not Be Confirmed; Temporary Restraining Order; and Order to Show Cause Why Preliminary Injunction Should Not be Granted, dated June 3, 2009 (collectively, and together with any subsequent order or injunction issued in the Superior Court Action in connection therewith, the "Receivership Order"), appointed Robb Evans & Associates LLC ("Receiver") as receiver, in Case No. 34-2009-00044895 (the "Superior Court Action"), to take possession, custody and control of all assets of Columbia Credit Services, Inc., National Credit Acceptance, Inc., and NCA Financial Services, Inc. (collectively, "Receivership Companies"). The Receiver began to perform its duties under the Receivership Order immediately after its entry in the Superior Court Action.

B.  The assets of the Receivership Companies include, but are not limited to, millions of dollars in consumer finance receivables, a high number of which are subject to collection litigation, are dispersed throughout the United States, and are being handled by a number of different collection attorneys. Under the Receivership Order, the Receiver is authorized to institute and compromise these collection actions in order to collect and to preserve assets of the Receivership Companies. Any further delay in allowing the Receiver to proceed with its duties to direct these collection actions will likely result in significantly fewer assets being collected and preserved.

C.  The Receivership Order also authorizes the Receiver to take possession, custody and control of all assets of the Receivership Companies and take various other actions to maximize recovery from the Receivership Companies. The assets consist of various types of property and are located in different locations.

D.  Pursuant to applicable provisions of California law, the Superior Court, in the Receivership Order, set a hearing for June 26, 2009 to determine whether its appointment of the Receiver should be confirmed and whether its temporary restraining order should be converted to a preliminary injunction.

BN 3810501v2

2

E. On June 1, 2009 (the "Petition Date"), the Debtor, one of the Receivership Companies, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee is the Chapter 7 trustee to the Estate. The imposition of the automatic stay arising from the bankruptcy petition has prevented the Receiver from carrying out terms of the Receivership Order. It has also prevented First Bank from filing supplemental papers in the Superior Court Action, as provided in the Receivership Order.

F. First Bank asserts that it holds a perfected security interest in substantially all of the Debtor's assets, which the Trustee presently does not acknowledge.

G. On June 10, 2009, First Bank filed its Emergency Motion for Order (1) Excusing Receiver From Turnover [§ 543] and (2) Granting Relief from the Automatic Stay [§362] ("Motion"). The Court scheduled a hearing for June 22, 2009 for the Motion.

H. First Bank, the Trustee, and the Receiver believe that it is critical, and in the best interests of creditors and the Estate, that the Receiver be allowed to perform, without any further delay, any and all duties and functions set forth in the Receivership Order, and to exercise any and all powers set forth in the Receivership Order.

I. First Bank, the Trustee, and the Receiver therefore request that the Court promptly enter an Order in the form set forth in the Stipulation, below, pursuant to the Motion.

## STIPULATION

**NOW THEREFORE**, in consideration of the foregoing recitals, First Bank, the Trustee, and the Receiver agree as follows, subject to Order of the Court:

1. The Receiver is relieved from all restrictions and property turnover requirements under 11 U.S.C. § 543(a) and (b)(1), except as otherwise provided in this Stipulation and Order;

2. The automatic stay is modified as follows: (i) to permit the Receiver to perform any and all duties and functions set forth in the Receivership Order, and to exercise any and all powers set forth in the Receivership Order, and (ii) to permit First Bank to exercise any and all of its rights under applicable law to prosecute the Superior Court Action, both at trial and appellate level;

3. The Superior Court Action may proceed as though no bankruptcy cases were filed,

BN 3810501v2

3

including, but not limited to, (i) allowing all parties to the Superior Court Action and the Receiver to file documents with the Superior Court and serve documents on other parties, (ii) allowing the Superior Court to conduct such hearings and enter such orders as it deems necessary or appropriate, (iii) providing that any orders or writs issued by the Superior Court are enforceable to the same extent as though no bankruptcy cases were filed; (iv) allowing the parties to the Superior Court Action and the Receiver to conduct discovery in the Superior Court Action to the same extent as though no bankruptcy cases were filed; and (v) obligating persons receiving requests and demands from the Receiver to comply to the same extent as though no bankruptcy cases were filed;

4. The Debtor shall immediately release and deliver to the Receiver any and all Receivership Property (as such term is defined in the Receivership Order);

5. Nothing in this Stipulation, or any Order approving it, prohibits the Trustee from filing any motion or adversary proceeding in the Bankruptcy Court that he deems appropriate to seek a Bankruptcy Court determination of the ownership of, or interest in, the funds contained in any deposit or other account in any banking institution (excluding First Bank), in the names and/or EINs of the Debtor in this bankruptcy case and any aliases, including but not limited to, the funds that were deposited in the following Bank of America accounts prior to June 12, 2009: (a) Account Title– Avion, Inc.; No.*******6738; (b) Account Title–Columbia Credit, LLC; No. 05800-48201; (c) Account Title–Columbia Credit, LLC; No 05800-48200; (d) Account Title–Columbia Credit, LLC; No. 05805-48195; (e) Account Title–Columbia Credit, LLC; No.05805-48350; (f) Account Title – Columbia Credit, LLC; No. 05805-48202; (g) Account Title–Columbia Credit, LLC; No.05805-48349;

6. The Receiver shall deposit all checks and monies received for the Debtor into a segregated deposit account. Except as otherwise provided in this Stipulation, no monies in that segregated deposit account shall be released by the Receiver without an order of the Bankruptcy Court;

7. The Receiver shall provide to the Trustee copies of any accounting of his activities under the Receivership Order that the Receiver provides in the Superior Court Action. Even if

such an accounting is not required under the Receivership Order, or such an accounting is required more than every 60 days, the Receiver shall provide an accounting to the Trustee at least once every 60 days;

8. The Receiver shall make all Debtor books and records in his possession, custody, or control available to the Trustee for inspection and copying on reasonable request;

9. The Receiver shall be paid in accordance with the provisions of Sections 8 and 21 of the Receivership Order, and shall give notice to the Trustee of any request for Superior Court approval concurrently with service of such notice on other parties in the Superior Court Action. The Trustee shall have standing to be heard with respect to any such request;

10. The Trustee shall not be required to participate in the Superior Court Action;

11. (a) if a court of competent jurisdiction determines that monies being held by the Receiver are property of the bankruptcy estate and that First Bank does not have a perfected security interest in those monies, or (b) the Trustee contends that monies being held by the Receiver are property of the bankruptcy estate and First Bank informs the Trustee and Receiver that it does not contend that it has a perfected security interest in those monies, then the Receiver shall promptly turn over those monies to the Trustee;

12. Except as expressly provided in this Stipulation, the Receiver shall not turnover any assets currently in its possession now or hereafter acquired without further order of the above entitled Bankruptcy Court.

//

```
 1
 2
 3   DATED: June 16, 2009          By: /s/ Hank Spacone, Trustee
 4                                    HANK SPACONE
                                      Chapter 7 Trustee
 5
 6                                 ROBB EVANS & ASSOCIATES, LLC
 7
 8   DATED: June ___, 2009         By: _____
                                       Srinivasa Krishnan, Executive Vice President
 9                                     Receiver
10
11   DATED: June ___, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP
12
13                                 By: _____
                                       Courtney J. Linn, Esq.
14                                     Attorneys for the Receiver
15   DATED: June ___, 2009         BUCHALTER NEMER, P.C.
16
17                                 By: _____
                                       Neil J. Rubenstein, Esq.
18                                     Attorneys for First Bank
```

```
 1
 2
 3   DATED: June ___, 2009              By: _____
 4                                           HANK SPACONE
                                             Chapter 7 Trustee
 5
 6                                      ROBB EVANS & ASSOCIATES, LLC
 7
 8   DATED: June 16, 2009               By: _____
                                             Srinivasa Krishnan, Executive Vice President
 9                                           Receiver
10
11   DATED: June ___, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP
12
13                                      By: _____
                                             Courtney J. Linn, Esq.
14                                           Attorneys for the Receiver
15   DATED: June ___, 2009              BUCHALTER NEMER, P.C.
16
17                                      By: _____
                                             Neil J. Rubenstein, Esq.
18                                           Attorneys for First Bank
19
20
21
22
23
24
25
26
27
28
```

DATED: June ___, 2009

By: _____
HANK SPACONE
Chapter 7 Trustee


ROBB EVANS & ASSOCIATES, LLC

DATED: June ___, 2009

By: _____
Srinivasa Krishnan, Executive Vice President
Receiver


DATED: June 16, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Courtney J. Linn_____
Courtney J. Linn, Esq.
Attorneys for the Receiver


DATED: June ___, 2009

BUCHALTER NEMER, P.C.

By: _____
Neil J. Rubenstein, Esq.
Attorneys for First Bank

| | | |
|---|---|---|
| 3 | DATED: June ___, 2009 | By: _____ |
| 4 | | HANK SPACONE |
| | | Chapter 7 Trustee |

ROBB EVANS & ASSOCIATES, LLC

DATED: June ___, 2009       By: _____
                            Srinivasa Krishnan, Executive Vice President
                            Receiver

DATED: June ___, 2009       ORRICK, HERRINGTON & SUTCLIFFE LLP

                            By: _____
                            Courtney J. Linn, Esq.
                            Attorneys for the Receiver

DATED: June *16*, 2009      BUCHALTER NEMER, P.C.

                            By: /s/ Neil J. Rubenstein
                            Neil J. Rubenstein, Esq.
                            Attorneys for First Bank

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 3810501v2

6

**STIPULATION EXCUSING TURNOVER BY RECEIVER (§543), AND LIFTING THE AUTOMATIC STAY (§362); ORDER THEREON**

## ORDER

Based upon the foregoing Stipulation and the Motion, and good cause appearing,

The Stipulation is approved and the terms thereof are so ordered. This Order is effective immediately.

DATED: 22 June 2009

_____
U.S. BANKRUPTCY JUDGE