FILED
October 22, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003020809

**7 Pages**
BUCHALTER NEMER
A Professional Corporation
   JEFFREY B. KIRSCHENBAUM (SBN: 152290)
   NEIL J. RUBENSTEIN (SBN: 77975)
   CRAIG C. CHIANG (SBN: 209602)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: cchiang@buchalter.com

Attorneys for Secured Creditor
First Bank, a Missouri banking corporation

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| NCA FINANCIAL SERVICES, INC. aka NCA FINANCIAL, INC.<br><br>Debtor. | Case No. 09-31129<br><br>DC No.: CCC-2<br><br>Chapter 7<br><br>**FIRST BANK'S MOTION FOR ORDER ESTABLISHING TRUSTEE'S ABANDONMENT OF THE ESTATE'S ASSETS**<br><br>Date: November 8, 2010<br>Time: 9:00 a.m.<br>Place: 501 I Street, 7th Floor, Courtroom 28<br>       Sacramento, California |

**TO THE HONORABLE MICHAEL S. MCMANUS, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, THE DEBTOR, AND THE DEBTOR'S COUNSEL:**

      Secured Creditor First Bank, a Missouri banking corporation, in its individual capacity and as Administrative Agent pursuant to that certain Credit Agreement, dated as of March 30, 2006 ("First Bank"), hereby moves the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court") for entry of an order establishing the abandonment of all assets of the bankruptcy estate (the "Estate") of NCA Financial Services, Inc. (the "Debtor").

BN 7372562v1             1

**MOTION FOR ORDER ESTABLISHING TRUSTEE'S ABANDONMENT OF CLAIMS, DEMANDS, AND CAUSES OF ACTION AGAINST FIRST BANK**

# I.

# INTRODUCTION

First Bank seeks an order establishing the abandonment by Hank Spacone, the duly appointed, qualified and acting Chapter 7 trustee (the "Trustee") of all assets of the Estate, including, but not limited to, any and all personal property, accounts receivable, books and records, and all claims, demands, and causes of action, including those relating to the accounts receivable, and those that Estate may have against First Bank.  First Bank and the Debtor, in conjunction with Robb Evans & Associates, LLC, the receiver (the "Receiver") appointed by the Sacramento County Superior Court to take possession, custody and control of all assets of the Debtor prior to the Debtor's petition date, are currently negotiating a global settlement.  At the outset of this bankruptcy case, First Bank, the Trustee, and the Receiver entered, and the Bankruptcy Court approved, a stipulation excusing the Receiver from turnover requirements of 11 U.S.C. §543 and authorizing the Receiver to continue overseeing the collection of First Bank's collateral, which includes substantially all assets of the Debtor, National Credit Acceptance, Inc. (09-31658) and Columbia Credit Services, Inc. (09-31645) (collectively, the "Receivership Companies").

The global settlement, when finalized, will resolve the ongoing dispute among the parties in connection with certain accounts receivable assets and other assets which are fully encumbered by liens in favor of First Bank.  These liens secure a payment obligation to First Bank that exceeds $26 million.  As part of that proposed resolution, all claims, demands, and causes of action against First Bank will be released and waived.   First Bank is not aware of any such claim, demand, or cause of action, and the Trustee has not asserted that any of the preceding against First Bank exists.

During the time of his service as Chapter 7 trustee to the Estate, which has exceeded fifteen months, the Trustee has had ample opportunity to investigate the assets of the Debtor.  The Trustee has not asserted that the assets can be sold for any amount close to the $26 million owed to First Bank.  The Receiver intends to sell, transfer, assign, and convey the personal property of the Receivership Companies for the total purchase price of approximately $1.1 million.  Prem

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

Dhawan, the Chapter 7 trustee to the estates of National Credit Acceptance, Inc. and Columbia Credit Services, Inc., has already concluded that there are no assets to administer that would benefit those related estates. Through his Motions for Order Authorizing Abandonment of Personal Property in those bankruptcy cases, Trustee Dhawan abandoned "all accounts receivable, books and records relating to the accounts receivable, all business equipment, any claims or causes of action relating to the accounts receivable, and all other personal property [except for] any and all deposit accounts in which the bankruptcy estate has an interest."

While First Bank has a level of confidence that the Trustee will inevitably abandon all assets of the Estate, either through a separate abandonment motion, or by the filing of a "no asset report" and case closure, an immediate abandonment is necessary in order to effectuate the global settlement among First Bank, the Receivership Companies, and the Receiver. Finally, any settlement involving First Bank and the Debtor will require the full and complete release, to be given by the Debtor, of all claims, demands, and causes of action against First Bank. As such, the express abandonment by the Estate of any and all claims against First Bank is necessary to ensure that no claim, demand, or cause of action remains unaddressed and to make sure that the release to be given by the Debtor is effective.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  On or about May 28, 2009, the California Superior Court, County of Sacramento (the "Superior Court"), pursuant to a minute order dated May 28, 2009 and the Order Appointing Receiver Ex Parte; Order to Show Cause Why Receiver Should Not Be Confirmed; Temporary Restraining Order; and Order to Show Cause Why Preliminary Injunction Should Not be Granted, dated June 3, 2009 (collectively, and together with any subsequent order or injunction issued in the Superior Court Action in connection therewith, the "Receivership Order"), appointed Robb Evans & Associates LLC ("Receiver") as receiver, in Case No. 34-2009-00044895 (the "Superior Court Action"), to take possession, custody and control of all assets of the Debtor, Columbia Credit Services, Inc., and National Credit Acceptance, Inc. (collectively, "Receivership

1  Companies"). The Receiver began to perform its duties under the Receivership Order

2  immediately after its entry in the Superior Court Action.

3     B.    The assets of the Receivership Companies include, but are not limited to, millions

4  of dollars in consumer finance receivables, a high number of which are subject to collection

5  litigation, are dispersed throughout the United States, and are being handled by collection

6  attorneys. Under the Receivership Order, the Receiver is authorized to institute and compromise

7  these collection actions in order to collect and to preserve assets of the Receivership Companies,

8  to take possession, custody and control of all assets of the Receivership Companies and take

9  various other actions to maximize recovery from the Receivership Companies.

10     C.    On June 1, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under

11  Chapter 7 of the Bankruptcy Code. The Trustee is the Chapter 7 trustee to the Estate.

12     D.    First Bank holds a perfected security interest in substantially all of the assets of the

13  Receivership Companies.

14     E.    On June 10, 2009, First Bank filed its Emergency Motion for Order (1) Excusing

15  Receiver from Turnover [§ 543] and (2) Granting Relief from the Automatic Stay [§362].

16     F.    First Bank, the Trustee, and the Receiver subsequently entered into that certain

17  Stipulation (1) Excusing Receiver From Turnover [§ 543] and (2) Granting Relief from the

18  Automatic Stay [§362], which the Court approved on June 22, 2009, allowing the Receiver to

19  perform any and all duties and functions set forth in the Receivership Order, and to exercise any

20  and all powers set forth in the Receivership Order ("§543 Stipulation").

21     G.    The Bankruptcy Court's Order approving the §543 Stipulation (i) permitted the

22  Receiver to perform any and all duties and functions set forth in the Receivership Order, and to

23  exercise any and all powers set forth in the Receivership Order; (ii) permitted First Bank to

24  exercise any and all of its rights under applicable law to prosecute the Superior Court Action,

25  both at trial and appellate level; (iii) allowed the Superior Court Action to proceed as though no

26  bankruptcy cases were filed.

27     H.    Currently, the parties to the Superior Court Action have ceased active litigation in

28  order to focus on settlement discussions. To that end, the parties have agreed to extend the time

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**MOTION FOR ORDER ESTABLISHING TRUSTEE'S ABANDONMENT OF CLAIMS, DEMANDS, AND CAUSES OF ACTION AGAINST FIRST BANK**

to file discovery motions. In addition, the time to file briefs in an appeal of a Superior Court order related to the invocation of certain defendants' Fifth Amendment rights has also been postponed in order to give the parties more time to negotiate settlement.

I.    The parties to the Superior Court Action are discussing the possible purchase of the consumer finance receivables by an entity related to Michael Sahlbach, who had served as an officer of each of the Receivership Companies and is a personal guarantor of their obligation to First Bank. First Bank, the Debtor, and the other Receivership Companies support the Receiver's potential sale of the consumer finance receivables to that entity, with the resolution to include the release of all claims, demands, and causes of action against First Bank, which in turn would permit the Receiver's sale of the consumer finance receivables free and clear of First Bank's security interest against the consumer finance receivables. The proposed purchase is subject to approval by the Superior Court.

### III.

### LEGAL ARGUMENT

11 U.S.C. §554(b) provides that:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Similarly, Rule 6007(b) of the Federal Rules of Bankruptcy Procedure provides that:

> A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon the property of the estate.

First Bank, a secured creditor, moves for an order establishing the abandonment of the Estate's assets. The Estate's assets are of inconsequential value to the Estate, as they are fully encumbered by liens in favor of First Bank, with these liens securing a payment obligation to First Bank that exceeds $26 million. The Receiver proposes to sell the personal property of all three Receivership Companies for approximately $1.1 million. Clearly, the Trustee cannot administer the Debtor's assets to recover any amount that approaches the $26 million owed to First Bank and secured by the Debtor's assets.

In addition, because the Receiver proposes to sell the personal property of the

BN 7372562v1
5

**MOTION FOR ORDER ESTABLISHING TRUSTEE'S ABANDONMENT OF CLAIMS, DEMANDS, AND CAUSES OF ACTION AGAINST FIRST BANK**

Receivership Companies, subject to certain assets excluded from the sale, free of First Bank's security interest, First Bank must ensure that any proposed release and waiver of all claims, demands, and causes of action against First Bank by the Receivership Companies include all claims, demands, and causes of action that the Estate, and the estates of the other Receivership Companies could have asserted as well.  First Bank is filing similar motions in the bankruptcy cases of the other Receivership Companies.

Because the Trustee has had a reasonable opportunity to evaluate the Debtor's assets, including claims, demands, and causes of action of the Estate, and has not asserted any claim, demand, or cause of action against First Bank, the Court should order the abandonment of all assets, including claims, demands, and causes of action against First Bank.  The abandonment is appropriate since the Debtor's assets are clearly of inconsequential value to the Estate, and the abandonment is necessary to accomplish the global resolution among First Bank, the Receivership Companies, and the Receiver.  See In re Rolland, 317 B.R. 402, 409 n. 11 (Bankr. C.D. Cal. 2004) ("a motion to compel an abandonment may be an appropriate remedy for debtors who believe they are being prejudiced by a trustee's undue delay in administering estate assets.").

Here, the Trustee has been afforded a reasonable period to investigate whether or not the assets of the Estate can be sold for an amount exceeding the $26 million owed to First Bank and secured with the Estate's assets.  It is imperative that the Bankruptcy Court now compel the abandonment of all assets of the Estate, including all claims, demands, and causes of action, if any, against First Bank, so that the global resolution among First Bank, the Receivership Companies, and the Receiver can be finalized.

//

## IV.

## CONCLUSION

For the forgoing reasons, First Bank seeks an order establishing the abandonment by the Trustee of any assets of the Estate, including all claims, demands, and causes of action that the Estate may have against First Bank.  The Estates assets are clearly of inconsequential value to the Estate and necessary to enable the parties to resolve their continuing dispute.

DATED:  October 21, 2010

BUCHALTER NEMER
A Professional Corporation


By: /s/ Craig C. Chiang
Craig C. Chiang
Attorneys for Secured Creditor,
FIRST BANK, a Missouri banking
corporation, in its individual capacity and as
Administrative Agent pursuant to that certain
Credit Agreement, dated as of March 30, 2006,
as Administrative Agent